[Civ. No. 8319. Second Appellate District, Division Two.—June 7, 1932.]

MODERN IRON WORKS, LTD. (a Corporation), et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Lasher B. Gallagher for Petitioners.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, J.—The petitioners, defendants in a civil action in the Superior Court of Los Angeles County, prayed in this court a writ of prohibition restraining the said court from proceeding with the trial, upon the ground that it had not jurisdiction of the subject matter for the reason that issue had not been joined.

When the case was called for trial objection to the introduction of evidence, upon the ground that the complaint did not state sufficient facts, was sustained. A motion by the plaintiffs to interline in one of the paragraphs certain allegations conforming to facts stated by counsel and dictated into the record was granted, as modified by the trial court, upon condition that the same be deemed denied for the time being, that part of the evidence be adduced for the purpose of ascertaining as to whether or not the interests of the defendants might render a continuance necessary or desirable, and that the plaintiffs furnish formal amendments on the day following. At the request of the defendants' counsel certain witnesses were excluded from the courtroom, a witness for the plaintiffs testified, and was cross-examined on behalf of the defendants. A colloquy between the respective counsel arose as to the subject matter of the amendment to the complaint which should be filed on the following day, the defendants' counsel strenuously insisting that if the same were not to be exactly as agreed upon and approved by the court, they were unable to anticipate the nature of their defense. It was thereupon again ordered that the plaintiffs file their amendment at the open-

ing of court on the following day "having it conform to the ruling made", and that the defendants be permitted to deem the same denied, to demur thereto, or to file an answer in writing. On the next day the defendants' counsel declined to receive an offered copy of the amendment when filed, or to answer the same, and objected to further proceedings upon the ground that the issues presented had not been joined by them. A considerable portion of the facts thus stated was made to appear from the transcript furnished at the hearing held pursuant to the issuance of the alternative writ and this was not alleged in the petition.

It results from a failure of the petitioners to reveal any discrepancy between the agreed amendment permitted and that tendered under directions of the trial court, that the plaintiffs may have complied wholly with the requirements of the stipulation and order for aught that is made to appear. All intendments must be resolved in favor of regularity, and in the absence of an affirmative showing to the contrary it will be presumed that the court below would if permitted to do so have acted within its jurisdiction.

The alternative writ of prohibition is discharged, and the peremptory writ is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.